CASE 31—PETITION EQUITY—JUNE 29.

# Jackson vs. McElroy, &c.

# Same vs. Moore.

APPEAL FROM WASHINGTON CIRCUIT COURT.

1. Plaintiff in an attachment having failed to make proof of the non-residence of the defendant, or that he had voluntarily left his place of residence and gone within the military lines of the so-called Confederate States, and remained there voluntarily for more than thirty days, it was erroneous to render judgment for the sale of the attached land.

2. The affidavit required by *section* 251, *Civil Code*, "that the defendant has no personal property," &c., must be made before the judgment is rendered for the sale of real property attached. A judgment for the sale of land without the affidavit is erroneous.

3. Before an order for the compensation of an attorney appointed to defend for a non-resident is made, he must make a written statement of all that he has done in the case, which shall be signed by him and filed with the papers in the action. (*Sec.* 441, *Civil Code.*)

BARNETT & NOBLE, For Appellant,
CITED—

Civil Code, secs. 289, 439, 153, 287, 257, 440, 221, 611, 442, 448.

4 Metcalfe, 168 ; Duncan vs. Wickliffe.

3 B. Mon., 126; Garfield vs. Denny, &c.

4 Metcalfe, 243; Allen vs. Brown.

9 Dana, 265; Calk vs. Childs.

1 Metcalfe, 489; Patterson vs. Caldwell.

1 Duvall, 342; Dunn vs. Salter.

1 Duvall, 396; Buckner, &c., vs. Bush.

14 B. Mon., 271; Payne vs. Witherspoon.

2 Metcalfe, 137; Ryan vs. Bean's adm'r.

MSS. Opin., June, 1858; Williams vs. Martin.

Jackson vs. Speed and Salter cases, late decisions of this court.

W. L. JACKSON, On same side,
CITED—

Civil Code, secs. 253, 147, 440.

2 Duvall, 426; Jackson vs. Speed.

R. J. BROWNE, For Appellees, McElroys,
CITED—

Civil Code, secs. 440, 88, 91.

9 Dana, 265; Calk vs. Childs.

9 Dana, 82; Hill vs. Lackey.

3 B. Mon., 125; Garland vs. Denny, &c.

1 Metcalfe, 651; Galt vs. Johnson's adm'r.

2 Duvall, 426; Jackson vs. Speed.

15 B. Mon., 439; Dawson vs. Goodman.

1 Bibb, 293.

3 Bibb, 522.

5 Monroe, 452–3; Parker's heirs vs. Anderson's heirs.

18 B. Mon., 237; Gossom vs. Donaldson.

2 *Bibb,* 518;  *Coleman vs. Trabue.*

4 *Dana,* 438;  *Bustard vs. Gates.*

7 *B. Mon.; Lampton vs. Usher's heirs.*

12 *B. Mon.,* 472;  *Harrison vs. Hord.*

2 *Bacon's Abridgement,* 740.

A. J. JAMES,                    For Appellee, Barbour,
CITED—

18 *B. Mon.,* 237;  *Gossom vs. Donaldson.*

8 *B. M.,* 105;  *Benningfield vs. Reed.*

4 *Dana,* 438;  *Bustard vs. Gates.*

7 *B. Mon.,* 57;  *Lampton vs. Usher's heirs.*

12 *B. Mon.,* 472;  *Harrison vs. Hord.*

CHIEF JUSTICE PETERS DELIVERED THE OPINION OF THE COURT:

Waiving the consideration of minor objections to the judgment in this case, we proceed at once to an examination of those which seem to be more serious and formidable.   *First.* It is insisted that the failure to make proof of the non-residence of appellant must be fatal to the judgment.

*Section* 439, *Civil Code,* provides that the statements of the petition against a defendant constructively summoned, and who has not appeared, except such as are for his benefit, shall not be taken as true, but are to be established by proof.   But where the defendant files with the petition his own affidavit, stating that any of the allegations thereof recited in the affidavit are true, and known to be so by the defendant, and that they cannot be proved or shown otherwise than by his answer, so far as affiant knows or believes, such allegations, unless denied by the answer, shall be taken as true.

Appellant was proceeded against as a non-resident, and A. McElroy, in his affidavit, states not only that he was a non-resident, but also that he had voluntarily left

the State and county of his residence more than thirty days before the making thereof, and during that period had voluntarily remained in the so-called Confederate States, and still so remains, omitting the statement of the facts which would have dispensed with the necessary proof if they had been made.  And having failed to make proof of the non-residence of appellant, or that he had voluntarily left the place of his residence and gone within the military lines of the so-called Confederate States, and remained there voluntarily for more than thirty days, it was erroneous to render the judgment.

It is true, that, in the first sentence of said *section*, the language is, that the "*statements of the petition*" are required to be established by proof.  But it is apparent, from what follows, that the material allegations necessary to authorize the proceedings and judgment, whether they are stated in the *petition* or the affidavit, must be proved.

Nor was any affidavit filed in this case, as required by *section* 251, *Civil Code*, before the judgment for the sale of the real estate was rendered.

Moreover, it does not appear that the attorney who was appointed to defend for appellant had made a written statement of all he had done in the case, signed by him and filed in the papers, when the order for his compensation was made, all of which is imperatively required by *section* 441 *Civil Code*, before any such order is authorized, and, consequently, more land was sold than was necessary.  Wherefore, for the errors pointed out in this opinion, the judgment for the sale of the land of appellant is *reversed*, and the cause remanded for further proceedings consistent herewith.

If appellant should desire and offer to do so, in reasonable time, he should be permitted to file his answer and make defense to the action, if he has any.

For the reasons stated in the opinion in the case of *Jackson vs. McElroys*, the judgment of *Moore vs. Jackson* must be *reversed*, and the cause remanded, with directions for further proceedings consistent with said opinion.

Although Barber, the purchaser from Moore, was made a defendant to a rule against himself and Moore, in relation to a surplus of land in the tract—it having been sold by the acre—he certainly was no party to the litigation involving the substantial rights; and before the sale should be set aside upon the return of the cause, he should be made a defendant by amended pleadings, and the opportunity offered him to litigate the question of setting aside the sale, if he should choose to do so; and this is the only modification made in the opinion.

Judge HARDIN did not sit in this case.